IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **WILLIAM F. ADAMS** | ) | C/A#: 2:06-482 |
| **Petitioner** | ) | CR #: 2:04-109 |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **Respondent** | ) | |

## BACKGROUND

Petitioner, William F. Adams ("Adams"), has petitioned to vacate his sentence pursuant to 28 U.S.C. § 2255. On September 24, 2004, Adams pled guilty to conspiracy to defraud the United States by obtaining payment of false claims in violation of 18 U.S.C. §§ 286 and 2. Adams' Presentence Report ("PSR") calculated an offense level of 12 and a criminal history category of VI, resulting in a sentencing guideline range of 30-37 months. On February 17, 2005, the undersigned sentenced Adams to 37 months imprisonment and three years supervised release. Adams did not file an appeal. On February 17, 2006, Adams filed a petition under 28 U.S.C. § 2255.

## ANALYSIS

### ISSUE ONE

In his first ground for relief, Adams claims that his guilty plea was not voluntary. Adams provides no support for this claim, and the facts contradict it. The Government's file reflects that Adams confessed to committing the crime and that Adams was

1

implicated in the crime by his codefendants' statements and statements of several unindicted coconspirators.

Adams pled guilty pursuant to a written plea agreement in which he agreed to plead guilty to Count 1 of the indictment, and the Government agreed to dismiss the remaining 32 counts. The Government stipulated in the plea agreement that the amount of loss was between $30,000 and $70,000. The fact that Adams signed a written plea agreement that contained favorable terms is evidence that his guilty plea was voluntary. From a review of Adams' guilty plea colloquy, there is no evidence that Adams' plea did not fully comply with Fed.R.Crim.P. 11. As the Fourth Circuit has noted, "an appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." *United States v. Wilson*, 81 F.3d 1300 (4th Cir. 1996).

As noted above, Adams failed to file a direct appeal of his guilty plea or sentence. Therefore, Adams' request for habeas review "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). By failing to challenge the voluntariness of his guilty plea on appeal, Adams has procedurally defaulted this claim. *Id.* "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Id.* at 622, 118 S.Ct. 1604.

Adams has never claimed to be actually innocent. Nor can Adams demonstrate cause for his failure to raise this claim on appeal. Having failed to challenge the

voluntariness of his guilty plea on direct appeal, Adam's claim is procedurally barred. Even if he could show cause to excuse his failure to appeal, Adams cannot show actual prejudice or that the alleged error worked to his "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Adams received a reduction in his offense level by pleading guilty, which reduced his guideline range and his sentence. Adams cannot show that he was prejudiced by his guilty plea because pleading guilty was, in reality, his only choice, given his confession, the overwhelming amount of evidence against him, and his extensive criminal record.

## ISSUE TWO

In his second ground for relief, Adams claims that he "did not get what he was promised in the plea process." Adams claims that he was told that he would receive a motion for downward departure and he didn't get it. Adam's plea agreement contains no promise of a downward departure and reserves to the Government the sole discretion to determine what constitutes substantial assistance. The Government reasonably refused to file a motion for downward departure because no one was prosecuted based on Adams' "cooperation."

While Adams did not receive a downward departure at sentencing, his attorney asked the court to consider his attempted cooperation to ameliorate his terrible criminal record. At the beginning of the sentencing hearing, the court considered an upward departure based on Adams' extensive criminal history. As noted above, the court sentenced Adams at the top of the sentencing guideline range. While Adams did not

3

receive a downward departure, his attempted cooperation probably prevented Adams from receiving a well deserved upward departure.

Notwithstanding the above, Adams' failure to receive a downward departure from the sentencing guidelines is not a constitutional claim. Adams failed to file a direct appeal and a non-constitutional claim that could have been raised on direct appeal but was not may not be raised in a collateral proceeding under § 2255. *See United States v. Montano-Heredia*, 7 Fed.Appx. 236 (4th Cir. Unpublished); *Stone v. Powell*, 428 U.S. 465, 477 (1976). Claims regarding the application of the sentencing guidelines generally are not cognizable in a § 2255 proceeding because such claims do not involve a miscarriage of justice. *Id. See also United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999).

## ISSUE THREE

In his third ground for relief, Adams claims that his PSR was incorrect and that his attorney "allowed issues to go unchallenged." He claims that "various information" in the PSR was incorrect, but he does not specify what information was incorrect or explain how it adversely affected his sentence. Adams' lawyer filed numerous objections to the PSR, which were addressed at length in a Supplemental Addendum and a Second Supplemental Addendum.

In this third claim, Adams may be attempting to allege ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, Adams must show that (1) counsel's performance fell below an objective professional standard of reasonableness; and (2) counsel's deficiencies prejudiced his defense. *Strickland v.*

4

*United States*, 466 U.S. 668, 687-92 (1984). When evaluating counsel's performance under the first prong of the *Strickland* test, this court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 680. As noted earlier, his attorney filed numerous objections to the PSR and helped persuade the court not to depart upward from the sentencing guidelines. Adams cannot show that his lawyer was deficient in any way, and thus, cannot meet his burden under *Strickland v. United States, supra.*

### ISSUE FOUR

Lastly, Adams claims that his attorney lied when she told him that none of his co-defendants appealed their sentence. Adams further claims that his co-defendant, James P. Mondell, appealed and would be given a new sentencing hearing without a two-point enhancement. Adam's co-defendant, James P. Mondell, did appeal his sentence, but his sentence was affirmed and he was given no relief. *See United States v. James Patrick Mondell*, 161 Fed. Appx. 308 (4th. Cir. 2006). Adams' claim that his co-defendant would receive a new sentencing hearing and a reduced sentence is demonstrably false. In any event, Adams' fourth claim, assuming it can even be seriously considered as a claim (which is a very dubious assumption), is a non-constitutional claim that cannot be raised in a collateral proceeding under § 2255.

THEREFORE, Adams' Motion to Vacate, Set Aside, or Correct his sentence is **DENIED**.

**AND IT IS SO ORDERED**.

                                                                   _____
                                                                   David C. Norton
                                                                   United States District Judge

June 30, 2006

Charleston, South Carolina